```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   SOUTHERN DISTRICT OF GEORGIA
                          AUGUSTA DIVISION
```

CLIFFORD LEE GRAHAM, SR.,      *
                               *
                               *
                               *
    v.                         *      1:13-CV-0033
                               *
DEPARTMENT OF THE ARMY,        *
                               *
            Defendant.         *

                             **O R D E R**

Presently pending before the Court is Defendant Department of the Army's ("Defendant") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. no. 15.) Upon due consideration, this motion is **GRANTED**.

## I. Background

Plaintiff alleges that a rotten tree limb fell on his truck during a thunderstorm with strong winds while camping at "Pointes West Recreation Dept."[1] (Doc. no. 1 at 3; Doc. no. 16.) He claims that the Defendant was negligent in failing to cut down rotten trees in the area where recreational vehicles park. (Doc. no. 1 at 5.) Plaintiff claims that his truck suffered damage and that no signs were posted stating "park at your own risk[.]" (Id. at 3.) Plaintiff provides no other details, aside from the fact that he has parked his truck in that area since 2006 and has never seen a sign that said "Beware of Fallen trees." (Id.)

---

[1] This location is referred to by Defendant as Pointes West Army Resort ("PWAR"). (Doc. no. 15 at 1.) PWAR is located in Appling, Georgia.

## II. **LEGAL STANDARD**

### A. Motion to Dismiss Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The Court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

### B. Pro Se Pleading Considerations

The Court recognizes that Plaintiff is proceeding in this matter pro se. Therefore, his pleadings should be liberally construed. See GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). However, this leniency does not

give a court license to serve as de facto counsel for a pro se party or to rewrite an otherwise deficient pleading in order to sustain an action. Id. Pro se litigants are still required to meet certain essential burdens. See Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990). Also, there is a general rule in the Eleventh Circuit that "[w]hen it appears that a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice." Jemison v. Mitchell, 380 F. App'x 904, 907 (11th Cir. 2010) (citing Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)). "Dismissal with prejudice is proper, however, if the pro se plaintiff has indicated that he does not wish to amend his complaint or if a more carefully drafted complaint could not state a valid claim." Id.

## III. **DISCUSSION**

Under the Federal Tort Claims Act, the United States is liable "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Defendant moves to dismiss stating, *inter alia*, that Plaintiff's claim is barred under the Georgia Recreational Property Act ("RPA"), O.C.G.A. § 51-3-20, et seq.

Under the RPA, "an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes or to give any warning of a dangerous condition, use, structure, or activity on the premises to persons entering for

3

recreational purposes." Id. The statute defines recreational as "hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, winter sports, and viewing or enjoying historical, archeological, scenic, or scientific sites." O.C.G.A. § 51-3-21(4). The statute includes two exceptions that allow for liability: (1) for the "willful or malicious failure to guard or warn"; and (2) "when the owner of land charges the person or persons who enter or go on the land" for recreational use. O.C.G.A. § 51-3-25. Charge is defined as an "admission price or fee asked in return for invitation or permission to enter or go upon the land." O.C.G.A. § 51-3-21(1). Plaintiff does not allege that Defendant acted willfully or maliciously.

In its Motion to Dismiss, Defendant admits that Plaintiff was charged a nominal fee for use of the campsite, but argues that such a fee does not reach the level contemplated by statute because there is no fee to enter the PWAR. Defendant cites Hogue v. Stone Mountain Mem. Ass'n for this assertion. 358 S.E.2d 852, 854 (Ga. Ct. App. 1987). There, the court held that a $4.00 parking fee constituted a "permit for the use of a vehicle in the park" and "did not constitute a charge for the recreational use of the parkland itself." Id. Neither Plaintiff's complaint nor his response to the Motion to Dismiss provide any contradictory information. Indeed, Plaintiff's complaint contains only blanket assertions that Defendant was negligent in failing to cut down rotten trees without reference to any fee charged to enter the

4

premises. Thus, accepting as true all of Plaintiff's assertions and in light of the RPA, it is clear that Plaintiff has not set forth a plausible claim that Defendant is liable for any misconduct.

Moreover, Plaintiff fails to set forth any facts that tie a negligent act by the Defendant to the injury to Plaintiff's property. "Plaintiff's claim, then, consists only of an unsupported legal conclusion that Defendant was negligent, which this Court is not obliged to accept as true." Arch Ins. Co. v. Clements, Purvis & Stewart, P.C., 850 F. Supp. 2d 1371, 1374 (S.D. Ga. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## IV. CONCLUSION

Based upon the foregoing, Defendant's Motion to Dismiss (doc. no. 15) is **GRANTED**. The Clerk is directed to terminate all motions and **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of September, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA